IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MISTY FORD**  **PLAINTIFF**

**V.**  **NO. 3:20-CV-174-DMB-RP**

**ANDREW SAUL, COMMISSIONER**
**OF SOCIAL SECURITY**  **DEFENDANT**

**ORDER**

On June 11, 2020, Misty Ford filed a complaint in the United States District Court for the Northern District of Mississippi seeking judicial review of the Commissioner of Social Security's decision denying her claim for benefits. Doc. #1. On March 26, 2021, this Court remanded this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. #21.

The same day, Ford filed a motion for an award of attorney's fees in the amount of $5,345.54 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d),[1] to be paid to her attorney for 21.50 total hours of work performed at the rate of $248.63 per hour. Doc. #22 at PageID 471. The Commissioner objects to the hourly rate utilized by Ford and asserts that the correct, adjusted, statutory, hourly rate under the EAJA for calculation of fees should be $203.94, resulting in a total award of $4,384.71. Doc. #23 at 1–4, 6. Additionally, the Commissioner insists the award should be made payable to Ford, not her counsel, consistent with *Astrue v. Ratliff*, 560 U.S. 586 (2010). *Id.* at 4–5. Ford concedes that the Commissioner's calculation of the hourly rate is correct and that her request should have totaled $4,384.71. Doc. #24.

---

[1] The judgment in this case is properly considered final because the case was remanded pursuant to sentence four of 42 U.S.C. § 405(g), which "terminates the civil action seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 298–99 (1993) (cleaned up).

Based on the parties' agreement on the hourly rate calculated by the Commissioner, the Court finds a fee award of $4,384.71 is reasonable and that no special circumstance would make the award unjust. The Court further finds that the award should be made payable to Ford pursuant to the United States Supreme Court's ruling in *Astrue v. Ratliff* because Ford has presented no argument or legal authority to the contrary. *See* 560 U.S. 586, 597–98 (2010) (holding the attorney's client should be the payee of the fee award pursuant to the provisions of the EAJA, regardless of any assignment).

Accordingly, Ford's motion for attorney fees [22] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent Ford is awarded attorney's fees in the amount of $4,384.71 (21.50 hours at the hourly rate of $203.94). It is DENIED in all other respects. The Commissioner is **DIRECTED** to promptly pay Ford $4,384.71 in attorney's fees for the benefit of her counsel.

**SO ORDERED**, this 12th day of May, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**